**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELVIN PEREZ,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-513-Orl-31DAB**

**DENIS DOWD, MICHAEL A. TIDWELL,**
**JOYCE PEACH, WM. MICHAEL BIBB,**
**ROBERT ROTHMAN, MARK STROOP,**
**JOHN DOE, JANE DOE, KRISTEN**
**BATISTA, R. RABER, MS. MARTINEZ,**
**and M. BOYKIN,**

        **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Denis Dowd, Michael A. Tidwell, Joyce Peach, Wm. Michael Bibb, Robert Rothman, John Doe, Jane Doe and M. Boykin ("Defendants"), Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 42) (the "Motion to Dismiss"), and Plaintiff's, Melvin Perez ("Plaintiff"), response in opposition thereto (Doc. 50).

**I. Overview**

Proceeding *pro se*, Plaintiff filed suit on April 7, 2008, alleging, *inter alia*, that Defendants deprived him of his mail while he was incarcerated at the Osceola County Jail to attend hearings on his criminal convictions.[1] Specifically, Plaintiff asserts that he was injured as a result of the

---

[1]Plaintiff is incarcerated at the Mayo Correctional Facility but was transported to and incarcerated at the Osceola County Jail from April 6, 2004 to June 15, 2004, from August 9, 2004 to

Defendants' deprivation of his legal mail because the untimely receipt or unlawful destruction of his mail allegedly resulted in procedural time bars in certain of his pending criminal appeals (Doc. 40, ¶¶ 21 – 23). Plaintiff's claims are predicated on violations of the First and Fourteenth Amendments to the U.S. Constitution and the Court has construed those claims as being brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). In that regard, Plaintiff has sued all Defendants in both their official and individual capacities (Doc. 40, ¶¶ 40-41).

In their Motion to Dismiss, Defendants raise five principal arguments. First, Defendants contend that Plaintiff has failed to allege a policy or custom "which was the moving force behind" Plaintiff's alleged violations. Second, Defendants argue that Plaintiff cannot recover punitive damages for claims against a municipality. Third, Defendants contend that they are entitled to qualified immunity. Fourth, Defendants argue that certain Defendants must be dismissed because the doctrine of *respondeat superior* does not apply to claims brought pursuant to Section 1983. Finally, Defendants contend that Plaintiff cannot assert claims against fictitious defendants in federal court. *See generally* (Doc. 42 at 2). The Court addresses these five arguments, in turn, *infra*.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.

---

August 26, 2004, and from October 11, 2004 to December 17, 2004 (Doc. 40, ¶ 18).

1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). This is especially true where a prisoner proceeds *pro se* in an action asserting deprivations of his federal constitutional rights. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

**III. Analysis**

   **1. Sufficiency of Allegations Concerning a Policy or Custom under Section 1983**

Relying on this Court's precedent, Defendants note that a party asserting a Section 1983 claim against a municipal entity must allege: (1) the violation of a constitutional right; (2) a municipal policy or custom which constituted deliberate indifference to that right; and (3) that the

policy or custom caused the violation (Doc. 42 at 3, citing *Smith v. Brevard County*, 461 F. Supp. 2d 1243, 1239 (M.D. Fla. 2006)). Defendants do not appear to dispute that Plaintiff has alleged a sufficient violation of his constitutional rights, but instead contend that Plaintiff has failed to allege a "persistent and widespread practice" that would amount to a policy or custom in violation of his constitutional rights (Doc. 42 at 3 – 4).[2]

Contrary, however, to Defendants' assertion that Plaintiff "merely asserts that on August 20, 2004 he did not receive his mail" (Doc. 42 at 4), Plaintiff alleges that a significant portion of his mail was delayed, lost, or deliberately destroyed. Furthermore, Plaintiff filed numerous (allegedly as many as 200 or more) grievances placing Defendants on notice as to the deprivation of his mail during his stays at the jail (Doc. 40, ¶¶ 30 – 34). Although the August 20, 2004 incident, in particular, putatively resulted in his most significant injury, Plaintiff has alleged a sufficiently widespread practice that caused him harm. While Plaintiff's allegations might ultimately lack evidentiary support, they are sufficient at this stage of the proceedings to withstand a motion to dismiss.

**2. Punitive Damages**

It is well-established that punitive damages are not recoverable against municipalities under Section 1983. *See generally City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). However, punitive damages are available against government officials in a Section 1983 action

---

[2]Defendants also contend that Plaintiff has failed to provide sufficient allegations of deliberate indifference (Doc. 42 at 4). The Court finds the contention to be without merit. Assuming the allegations in the Second Amended Complaint are true – as the Court must assume at this stage of the proceedings – intentionally depriving an inmate of his legal mail necessarily implies a deliberate indifference to his constitutional rights.

when such defendants are sued in their individual capacities. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008). Because the Plaintiff has sued all Defendants in both their official and individual capacities, punitive damages are available against all Defendants for acts committed in their individual capacities.

### 3. Qualified Immunity

Defendants correctly note that, within at least the Eleventh Circuit, a heightened pleading requirement applies to Section 1983 claims brought against government officials in their individual capacities (Doc. 42 at 5, citing, *inter alia*, *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837-38 (11th Cir. 2004)); *see also McDermott v. Brevard County Sheriff's Office*, Case No. 07-CV-150, 2007 WL 948430 (M.D. Fla. Mar. 27, 2007). Defendants therefore contend that the allegations in the Second Amended Complaint are vague, conclusory, and lack sufficient detail for the Court to determine which specific Defendants were responsible for the alleged constitutional violations and whether those Defendants are entitled to qualified immunity (Doc. 42 at 5 – 8).

While the Court has concluded that Plaintiff provided sufficient allegations regarding his constitutional violations, it nevertheless finds that Plaintiff has failed to provide sufficient detail for Defendants to properly assert qualified immunity. As to each named Defendant, Plaintiff must provide detailed allegations concerning the dates, basic facts, and acts of those responsible for each alleged violation. In short, he must provide enough detail so as to place each Defendant on notice as to the nature of his claims.

Although the Second Amended Complaint includes some details with respect to the dates and articles of mail that were deliberately delayed or destroyed, it falls well short of alleging with

specificity the exact role each Defendant played in violating Plaintiff's constitutional rights. Accordingly, Plaintiff will be directed to file a Third Amended Complaint that:

a. Includes a separate sub-heading for each named Defendant;

b. Below the sub-heading for each named Defendant, asserts all claims against that particular Defendant;

c. Includes all relevant dates, basic facts, and acts of each Defendant and the exact manner in which that Defendant violated Plaintiff's constitutional rights;

d. If Plaintiff intends to assert the same claim against another Defendant, sets out and repeats the same detailed allegations as to the second Defendant under a separate sub-heading associated with that Defendant; and

e. Notes whether each named Defendant personally participated in the alleged constitutional violation and, if not, as discussed further, *infra*, sets out the exact causal connection between actions of the supervisor and the alleged constitutional deprivation.

**4. Respondeat Superior and Supervisory Liability**

Because Plaintiff alleges that certain Defendants violated Plaintiff's constitutional rights by allowing the staff under their supervision to violate Plaintiff's rights or by failing to take appropriate remedial action after these staff violations, Defendants contend that Plaintiff has asserted various claims pursuant to a theory of *respondeat superior*. As Defendants correctly note, supervisory officials are not generally liable under Section 1983 for the unconstitutional acts of their subordinates (Doc. 42 at 8, citing *Hartley v. Parnell*, 193 F.3d 1263 (11th Cir. 1999)). Plaintiff, however, contends that these claims are brought pursuant to a theory of supervisory liability – not *respondeat superior*.

Notwithstanding the particular label one might attach to these claims, the Eleventh Circuit observed in *Hartley*:

> It is well-established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates "on the basis of respondeat superior or vicarious liability." *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation and quotation omitted). "Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights." *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986)).

193 F.3d 1263, 1269.

Although the Court has found that Plaintiff has alleged a sufficient widespread practice of depriving jail inmates of their mail so as to satisfy the "custom or practice" prong of Section 1983, the allegations in the Second Amended Complaint fail to place each supervisory Defendant on notice as to the extent of his or her causal role.

To state a claim for supervisory liability, Plaintiff must specify the manner in which *each* Defendant had knowledge of the widespread abuse, how the abuse was widespread and not isolated, the steps Plaintiff took to further alert each particular Defendant of the deprivations, and each Defendant's subsequent actions or failures to act.

### 5. Doe Defendants

Finally, Defendants argue that the Defendants "John and Jane Doe" must be dismissed because federal practice does not allow parties to sue fictitious individuals (Doc. 42 at 9 – 10). Plaintiff responds by noting that further discovery will identify these Defendants (Doc. 50 at 13).

Contrary to Defendants' view of the law, this Court has previously noted that:

> As a general rule, the use of "John Doe" to identify a defendant is not favored. However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*McDermott*, 2007 WL 948430, at *3.

Accordingly, the Doe Defendants will not be dismissed at this time. Should Plaintiff, however, fail to identify these Defendants and effect service within the 120-day period required by FED. R. CIV. P. 4(m), the Doe Defendants will be dismissed.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendants', Denis Dowd, Michael A. Tidwell, Joyce Peach, Wm. Michael Bibb, Robert Rothman, John Doe, Jane Doe and M. Boykin ("Defendants"), Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 42) is **GRANTED** in part and **DENIED** in part.

It is **FURTHER ORDERED** that Plaintiff's Second Amended Complaint is hereby **DISMISSED** without prejudice. Plaintiff shall have one final opportunity to file an amended complaint, which is consistent with this Order, by no later than Friday, March 27, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 4, 2009.

Copies furnished to:

Counsel of Record  
Unrepresented Party

GREGORY A. PRESNELL  
UNITED STATES DISTRICT JUDGE